**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**MICHAEL DON GREENE**                                              **PLAINTIFF**

        **v.**          **Case No.: 08-2048**

**KIMBERLY BEAUMONT and**
**KEVIN BEAUMONT**                                                 **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motion to Dismiss and supporting brief (Docs. 8-9) and Plaintiff's Response (Doc. 11). Defendants contend Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6)-(7) of the Federal Rules of Civil Procedure as it was filed outside the statute of limitations and fails to join indispensable parties.

Plaintiff's Complaint alleges causes of action for breach of contract and fraud. Plaintiff contends the statute of limitations should be tolled due to Defendants' fraudulent concealment and that other potential defendants are named as "John Does" as Plaintiff is unable to physically locate them.

### Motion to Dismiss Standard

In ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996). Complaints should be liberally construed in the

plaintiff's favor and "'should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle [her] to relief.'" *Rucci v. City of Pacific,* 327 F.3d 651, 652 (8th Cir. 2003) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

**Fraudulent Concealment**

The statute of limitations for Plaintiff's fraud and breach of contract claims is three years. Ark. Code Ann. § 16-56-105. The limitations period begins to run, in the absence of fraudulent concealment of the wrong, when the wrong occurs, not when it is discovered. *Gibson v. Herring*, 975 S.W.2d 860 (Ark. App. 1998). Fraudulent concealment suspends the running of the statute of limitations until the party having the cause of action discovers the fraud or should have discovered it. *Delanno, Inc. v. Peace*, 237 S.W.3d 81 (Ark. 2000). The general rule of fraudulent concealment requires "some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that conceals itself." *Id*. (citation omitted). If fraudulent concealment has been properly pled, the complaint survives dismissal on limitations grounds and a question of fact is created on which both sides are entitled to offer proof. *Brewer v. Hawkins,* 241 Ark. 460 (1966).

Plaintiff's Complaint was filed on May 20, 2008. According

to the Complaint, the alleged wrongs occurred beginning November 2001 and continued to as late as late 2004. Therefore, Defendants contend the statute of limitations ran in late 2007 at the latest. However, Plaintiff contends Defendants concealed the breach of contract and fraud through August of 2006, when Defendants failed to respond to Plaintiff's written demand for stock certificates and began investigating all the previous investments he made with Defendants. (Doc. 1, ¶ 16).

Defendants assert that Plaintiff failed to sufficiently plead fraudulent concealment. However, Plaintiff made numerous allegations in his Complaint, such as:

> "Respondents failed to pay plaintiff, claiming Omnicorp in pending liquidation with an eventual sale of its assets to ... a venture capital company." (Doc. 1, ¶ 7).

> "That in or about March 2003, [Defendants] in response to plaintiff's demand for payment ... proposed a guarantee against loss of plaintiff's CD principal, interest and bonus, by pledging to plaintiff 70,000 shares of stock ... owned by [Defendants]." (Doc. 1, ¶ 7).

> "In or about December 2003 plaintiff directed [Defendants] to sell his ... stock. [Defendants] failed to do so, advising plaintiff that [the company] was negotiating a sale of the business and the value of the shares would increase greatly." (Doc. 1, ¶ 8).

> "From 2003 to 2005, [Defendants] deceived plaintiff in advising him of pending mergers to hold off plaintiff's demand to sell his AGMC stock." (Doc. 1, ¶ 16).

Plaintiff made numerous allegations in his complaint of Defendants' various excuses as to why they had not provided written documentation of the investments or returned Plaintiff's

AO72A (Rev. 8/82)

investment principal when he requested it. Further, the Court has an obligation to liberally construe a *pro se* complaint. *Bracken v. Dormire*, 247 F.3d 699 (8th Cir. 2001). Taking Plaintiff's allegations as true, the alleged transactions were certainly questionable, however, the Court finds that Plaintiff's Complaint alleged sufficient facts to support the application of fraudulent concealment. Therefore, Defendants' Motion to Dismiss based upon the statute of limitations is DENIED.

**Failure to Join a Necessary Party**

In deciding a 12(b)(7) motion to dismiss for failure to join a party, it must first be determined if the party should have been joined under Rule 19 of the Federal Rules of Civil Procedure. *Clarendon Nat'l Ins. Co. v. United Fire & Casualty Co.*, 2008 WL 1819915 (E.D. Ark. Apr. 22, 2008). Rule 19(a) provides that a person whose joinder does not deprive the court of subject matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

If a person is a necessary party, the next step is to determine if the person is indispensable under Rule 19(b).

Defendants have the burden of producing evidence showing the

-4-

nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence. *Schweyer Import-Schnittholz GMBH v. Genesis Capital Fund, L.P.*, 220 F.R.D. 582 (S.D. Iowa 2004)(citation omitted).  In their Motion, Defendants simply state that Plaintiff alleged Defendants were agents of a Thomas Scheer and J&S during some of the alleged transactions and that, as such, Thomas Scheer and J&S are necessary parties to this action.  While the Court agrees that as a general rule, all parties to a contract are necessary ones, the Court finds Defendants have not net their burden in this case. The Court lacks any information as to whether Thomas Scheer and J&S actually exist, were parties to any contract with Plaintiff, or whether their joinder would destroy diversity.  Additionally, Plaintiff contends he cannot physically locate either Mr. Scheer or J&S.  Accordingly, the Court finds Mr. Scheer and J&S are not necessary parties and Defendants' Motion is DENIED.

**Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 8) is **DENIED**.

IT IS SO ORDERED this 5th day of December, 2008.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge