**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**MICHAEL DON GREENE**                                                          **PLAINTIFF**

   **v.**            **Case No.: 08-2048**

**KIMBERLY BEAUMONT,**
**KEVIN BEAUMONT,**
**THOMAS SCHEER,**
**JARAI & SCHEER CORP.,**
**And UNKNOWN RESPONDENTS**                                                    **DEFENDANTS**

### ORDER

Before the Court are Plaintiff's Motion for Alternative Service on Respondent Jarai & Scheer Corporation (Doc. 40), Plaintiff's Request for Entry of Default & Default Judgment Against Respondent Thomas Scheer (Doc. 41), Plaintiff's Motion for Lis Pendens or, in the Alternative, Motion and Notice for an Injunction to Freeze Defendants Beaumonts' Assets (Doc. 45), and the Beaumonts' Motion for a Stay or, in the Alternative, Motion for a Protective Order (Doc. 43).

**Plaintiff's Motion for Alternative Service on J&S Corporation**

On January 20, 2009, the Court directed the U.S. Marshal to serve Jarai & Scheer Corporation by serving the Registered Agent Sidney Rosen at 305 Broadway, New York, NY 10028-5913 (Doc. 25). On February 23, 2009, Plaintiff returned the unexecuted summons which stated that a suite number was needed for Mr. Rosen as he did not show up in the building directory (Doc. 34). Plaintiff requests the Court to direct service upon Jarai & Scheer

Corporation at its usual place of business.  Plaintiff's Motion for Alternative Service of Process on Respondent Jarai-Scheer Corporation (Doc. 40) is GRANTED, and the United States Marshal is directed to serve the defendant.  Defendant Jarai-Scheer Corporation may be served by serving any officer or managing/general agent at the corporation's place of business located at 580 5th Avenue, Suite 607, New York, New York 10036.

**Plaintiff's Request for Entry of Default & Default Judgment Against Respondent Thomas Scheer**

On May 20, 2009, the U.S. District Clerk entered a default against Mr. Scheer for failing to file a timely response. Plaintiff is directed to comply with the default procedures as set forth in the Clerk's notice (Doc. 49).  Plaintiff's Request for Entry of Default & Default Judgment against Respondent Thomas Scheer is DENIED AS MOOT without prejudice to Plaintiff's right to renew the motion at a later date.

**Plaintiff's Motion for Lis Pendens or, in the Alternative, Motion and Notice for an Injunction to Freeze Defendants Beaumonts' Assets**

Plaintiff moves the Court to "freeze the transfer of all assets in the possession and control of the Beaumonts pending the resolution of Plaintiff's civil suit."  The Court will construe Plaintiff's motion as a motion to seize property pursuant to Rule 64 of the Federal Rules of Civil Procedure.  Rule 64 provides that the Court look to Arkansas law for available remedies unless a federal statute governs.

The lis pendens statute in Arkansas does not apply to an action seeking only a money judgment where the only potential

interest in real property is the possibility that the real property may be needed to satisfy a money judgment if the plaintiff prevails and obtains a judgment that the defendant does not satisfy. *U.S. v. Jewell*, 556 F.Supp.2d 962 (E.D. Ark. 2008). Prejudgment attachment is no longer an available remedy in Arkansas. *See McCrory v. Johnson*, 755 S.W.2d 566 (1988). The Court is not aware of and Plaintiff has not provided any federal statute that would permit the type of prejudgment remedy he seeks. Accordingly, the motion is DENIED.

### **Beaumonts' Motion for a Stay or, in the Alternative, Motion for a Protective Order**

The Beaumonts move the Court to stay the proceedings in this case as they are facing potential criminal charges based upon the same allegations in Plaintiff's Complaint. Alternatively, the Beaumonts seek a protective order in connection with Plaintiff's discovery requests. The Court finds that a stay at this juncture is premature as the Beaumonts have not been formally charged with any crime. Accordingly, the motion is DENIED. If the parties desire to present a protective order for the Court's approval, it will be considered.

IT IS SO ORDERED THIS 20TH DAY OF MAY, 2009.

>  /s/ Robert T. Dawson
>  Honorable Robert T. Dawson
>  United States District Judge