**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**MICHAEL DON GREENE**                                                         **PLAINTIFF**

    **v.**          **Case No.: 08-2048**

**KIMBERLY BEAUMONT, KEVIN**
**BEAUMONT, JARAI & SCHEER**
**CORPORATION and THOMAS SCHEER**                                         **DEFENDANTS**

O R D E R

On this 15th day of April 2010, there comes on for consideration the report and recommendations filed in this case on February 26, 2010 (doc. 129) and March 5, 2010 (doc. 133), by the Honorable James R. Marschewski, United States Magistrate for the Western District of Arkansas. Also before the Court are Separate Defendants Thomas Scheer and Jarai & Scheer Corporation's objections (doc. 137), Separate Defendants Kimberly and Kevin Beaumont's objections (doc. 139), Plaintiff's Motion and Brief for Reconsideration (doc. 142) and the Scheer Defendants' Motion for Leave to Supplement Motion for Summary Judgment (doc. 143).

The court has reviewed this case *de novo* and, being well and sufficiently advised, finds as follows: The report and recommendation filed February 26, 2010 (doc. 129) is proper and should be and hereby is adopted in its entirety. Accordingly, the Scheer Defendants' Motion for Summary Judgment (doc. 97) is DENIED. Further, the Scheer Defendants' Motion for Leave to

Supplement (doc. 143) is DENIED without prejudice to their right to renew their motion for summary judgment prior to the dispositive motion deadline.

The report and recommendation filed March 5, 2010 (doc. 133) should be and hereby is adopted in part as further provided herein.  The Beaumonts' Motion for Summary Judgment (doc. 109) is DENIED as it relates to Separate Defendant Kimberly Beaumont and DENIED AS MOOT as it relates to Separate Defendant Kevin Beaumont due to the bankruptcy stay.  Mr. Beaumont may renew his motion once the stay is lifted.

The Motion for Sanctions (doc. 124) is GRANTED to the extent that the Beaumont's may re-depose Plaintiff provided the Court approves the date and time and is available to rule on any discovery disputes that may arise during the deposition.  The Court declines to assess the cost of the first deposition against Plaintiff at this time; however, the parties are advised that future sanctions may be imposed against any party not participating in discovery in good faith.   Therefore, Plaintiff's Motion and Brief for Reconsideration (doc. 142) is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge