IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL DON GREENE                                                          PLAINTIFF

V.                              NO.  2:08-CV-02048-RTD

KIMBERLY BEAUMONT,
KEVIN BEAUMONT,
THOMAS SCHEER,
JARAI & SCHEER CORPORATION,
UNKNOWN RESPONDENTS                                                DEFENDANTS


<u>Magistrate Judge's Report and Recommendation</u>

Before the court is the Plaintiff's Motion for Leave to file an Amended Complaint (Doc. 157) filed May 24, 2010.

Defendants Thomas Scheer and Jarai & Scheer Corporation filed an Response (Doc. 159) on May 27, 2010 objecting to the Motion but only to the extent that the Plaintiff sought to add as a defendant Thomas Scheer, President of Jarai & Scheer Corporation. (Doc. 159, p. 2).  The Plaintiff and the Scheer Defendants reached an agreement and the Plaintiff moved to dismiss all claims against Thomas Scheer, Jarai & Scheer Corporation and proposed defendant Thomas Scheer, President of Jarai & Scheer Corporation by Motion (Doc. 160) on June 1, 2010.  The Plaintiff's Motion was granted by the court on June 10, 2010.

The Defendants, Kimberly Beaumont and Kevin Beaumont have not filed any response to the Plaintiff's Motion to Amend his complaint.

**Background:**

The Plaintiff filed his initial Complaint (Doc. 1) on May 20, 2008 and named Kimberly

Page -1-

Beaumont, Kevin Beaumont and Unknown Respondents.  The Plaintiff filed his First Amended

Complaint (Doc. 21) on January 15, 2009 and added Thomas Scheer, and Jarai & Scheer

Corporation as defendants.

An Initial Scheduling Order (Doc. 20) was filed December 19, 2008 and a Final

Scheduling Order (Doc. 37) was entered March 25, 2009 and the case was set for trial on

November 16, 2009. The Beaumont defendants failed to comply with discovery and the court

granted the Plaintiff's Motion to Compel by Order (Doc. 61) entered June 26, 2009.

The trial date was continued to February 1, 2010 by Order (Doc. 85) dated August 31,

2009 and the discovery deadline extended to December 1, 2009 and the dispositive motion

deadline was extended to December 14, 2009.

The Plaintiff filed a Motion to Continue (Doc. 106) on December 14, 2009 contending

that discovery had still not been completed and the necessity to join indispensable parties. The

Motion was granted by Order (Doc. 108) filed December 14, 2009 and the case was set for trial

on October 11, 2010 and discovery deadlines were extended to July 12, 2010 for discovery and

August 12, 2010 for motions.

The Plaintiff contends that the Beaumont defendants have finally complied with

discovery and he has filed a Motion for Leave to file a Second Amended Complaint (Doc. 157)

and attached the Amended Complaint with his Motion. (Doc. 157-3).  The Second Amended

Complaint seeks to amend the Defendants as follows:

Kimberly Beaumont, Individually; Kimberly Beaumont d/d/a Southwinds, Kimberly
Beaumont, Director Tropic Waters LTD; Kimberly Beaumont, Director Garrison Society;
Kimberly Beaumont, Director Fixit Limited, Kimberly Beaumont d/b/a Chandler Holdings;
Kimberly Beaumont member Shiprock International;

Kevin David Beaumont, Individually;

Tropic Waters, LTD; The Garrison Society; Fixit Limited; Chandler Holdings;
Shiprock (Sic) International, LLC,

Eugene Kock, Individually;
Eugene Kock, President Traweco Sprl;
Traweco Sprl,

Nelson Bayford, Individually;
Nelson Bayford, Director Omnicorp Bank, Inc.;
Nelson Bayford, Director Omnicorp Financial Group,

Daniel Frey, Individually;
Daniel Frey, Director Omnicorp Bank Inc.;
Daniel Frey, Director Omnicorp Financial Group;
Omnicorp Bank, Inc.;
Omnicorp Financial Group:

Ronald V. Markham, Individually;
Ronald V. Markham, President American Gold Mining Corp.:

J. Edward Hastings, Individually;
J. Edward Hastings, Director American Gold Mining Corp.:
American Gold Mining Corp.:

Richard Brodzik, Individually;
Richard Brodzik, President African Mining Corporation;
African Mining Corp.:

Thomas Scheer, Individually: Thomas Scheer President Jarai & Scheer Corporation;
Jarai & Scheer Corporation

**Discussion:**

    A party has an absolute right to amend his pleading  within: (A) 21 days after serving it,

or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a

responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever

is earlier.

In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Federal Rules of Civil Procedure Rule 15(a).  Defendants Beaumont and Scheer did object in writing to the Plaintiff's Second Amended Complaint. (Doc. 157-2).

The Rule also provides that "[t]he court should freely give leave when justice so requires." *Federal Rules of Civil Procedure Rule* 15(a).  But parties do not have an absolute right to amend their pleadings, even under this liberal standard. *United States ex rel. Lee v. Fairview Health Sys*., 413 F.3d 748, 749 (8th Cir.2005). A district court appropriately denies the movant leave to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc*., 406 F.3d 1052, 1065 (8th Cir.2005) (internal marks omitted). *Sherman v. Winco Fireworks,* Inc.  532 F.3d 709, 715 (C.A.8 (Neb.),2008)

Since the plaintiff did file his Motion to Amend prior to the expiration of the scheduling order the motion is governed under the liberal interpretation of Rule 15(a) and not the more restrictive "good cause" standard of Rule 16(b).

'While, in general, Rule 15 of the Federal Rules of Civil Procedure contemplates that amendments to pleadings should be allowed with liberality where necessary to bring about furtherance of justice and where the adverse party will not be prejudiced, it is a settled rule of practice that the trial court is vested with sound discretion in granting or refusing an amendment to pleadings. *Standard Title Ins. Co. v. Roberts,*  349 F.2d 613, 622 (C.A.Mo. 1965) quoting *Gallon v. Lloyd-Thomas Company*, 264 F.2d 821 @ 823(C.A. 8th Cir., 1959).

**Beaumont Defendants**

The Plaintiff seeks to file a Second Amended Complaint and name Kimberly Beaumont in her capacity as owner/director of various companies.  Specifically the plaintiff names Kimberly Beaumont, Individually; Kimberly Beaumont d/d/a Southwinds, Kimberly Beaumont, Director Tropic Waters LTD; Kimberly Beaumont, Director Garrison Society; Kimberly Beaumont, Director Fixit Limited, Kimberly Beaumont d/b/a Chandler Holdings; Kimberly Beaumont member Shiprock International should be GRANTED as well as the Motion to Amend the Complaint as to the proposed defendants Tropic Waters, LTD; The Garrison Society; Fixit Limited; Chandler Holdings and Shiprock (Sic) International, LLC.

The Plaintiff contends that Beaumont defendants "provided their investment service to plaintiff operating interchangeably" under the above entities (Doc. 157-3, p. 8) and that the Beaumonts "improperly transferred plaintiffs money to accounts she owned and controlled" in the above entities. (Id., p. 38). The Plaintiff asserts that he wired $270,000 to the Beaumonts doing business as Tropic Waters in November 2001. (Id., p. 12) and that other dealings with the Beaumonts were done individually and as owners of the above corporations.

It appear that the joinder of Kimberly Beaumont in her corporate or company capacity will not cause unnecessary delay since she has been a named defendant in her individual capacity since the Initial Complaint.

**Scheer Defendants:**

The court notes that the Plaintiff has reached a settlement of all claims as to Thomas Scheer, individually, Jarai and Scheer Corporation and Thomas Scheer, President of Jarai and Scheer Corporation and the complaint as to the above named and proposed defendants is moot.

**Ronald V. Markham, J. Edward Hastings**

**and American Gold Mining Corp.:**

The Plaintiff seeks to name Ronald V. Markham, President of American Gold Mining Corporation and J. Edward Hastings as a director of the corporation. In the initial complaint (Doc. 1) filed May 20, 2008 the plaintiff was well aware of the financial difficulties of American Gold and Ronald V. Markham. The Plaintiff alleged in the initial complaint that "Ronald V. Markham had prior securities violation with the SEC." (Doc. 1, p. 10). The Plaintiff made no attempt to join Ronald V. Markham or American Gold Corporation as a defendant and never alleged any cause of action against either.

An internet search of "American Gold" and "Ronald V. Markham" disclosed a press release dated February 25, 2004 by the Securities and Exchange Commission.  The press release referenced the case number (2:04-cv-0190) in the United States District Court for the District of Utah.  The court has researched the case and determined that Ronald V. Markham, although served, failed to file a response or otherwise defend the SEC action and judgments was entered against Ronald V. Markham (2:04-cv-0190, Doc. 18) on December 20, 2004.  The judgment was for a total in excess of four million dollars along with other civil penalties.  It does not appear that the defendant has made any payments toward the judgment.  A default certificate was also rendered against American Gold Mining Corporation (2:04-cv-0190, Doc. 19) on February 22, 2005. There is no indication that Ronald V. Markham ever paid any money into the Clerk of the Court in satisfaction of the said judgment.

The attempt to join Ronald V. Markham or American Gold Mining Corporation appears to be an exercise in futility and would unnecessarily delay the trial of this case.

The Plaintiff has not asserted the basis of the cause of action against J. Edward Hastings or

any facts upon which a cause of action exist.  Mr. Hastings is not mentioned in the Initial

Complaint or the First Amended Complaint.  The Plaintiff only asserts in the proposed Second

Amended Complaint that the "Beaumonts stated they were long time friends of Ronald V.

Markham, president of AGMC, and had a working relationship with AGMC director, J. Edward

Hastings" and that they "worked with Markham and Hastings to purchsed (sic) AGMC stock for

plaintiff." (Doc. 157-3, p. 7).  The Plaintiff acknowledges that he has no current address for J.

Edward Hastings. (Id., p. 3).

It appears that Plaintiff contends that the Beaumont Defendant failed to invest his money

in AGMC because Plaintiff states that it was "August 2006 when plaintiff became aware that the

Beaumonts had not done what they promised regarding the investments, that they had deceived

plaintiff, and had taken plaintiff's money against his will". (Doc. 157-3).

To the extent that the plaintiff is contending that Ronald V. Markham and/or J. Edward

Hastings committed a fraud against the Plaintiff that would be an entirely new cause of action and

not related to the original cause of action.

It would appear that the addition of J. Edward Hastings would cause undue delay and be

an exercise in futility.

### Daniel Frey, Nelson Bayford,

### Omnicorp and OFG;

Likewise, the Plaintiff was aware of Daniel Frey and Nelson Bayford and their connection

with Omnicorp at the time he filed his Initial Complaint and alleged that the Beaumonts, acting as

agent for Bayford and Frey sold the Plaintiff a CD issued by Omnicorp in November 2001. (Doc.

1, p. 3-4) The Plaintiff choose not to file any complaint against either individual or corporation at

the time he filed his initial complaint (Doc. 1) or the First Amended Complaint (Doc. 21).

In the present Second Amended Complaint the Plaintiff does not allege that Daniel Frey or Nelson Bayford committed fraud against him and does not allege any facts that could constitute fraud.  The Plaintiff alleges that the Beaumonts were to purchase stock from "OFG in Plaintiff's name with plaintiff's money, to provide investment services, to monitor the investment, and on plaintiff's demand, sell the stock and return principal and gain to plaintiff.  The Beaumonts failed to perform their contract obligation and their breach caused damage to plaintiff."  (Doc. 157-3, p. 28).  The Plaintiff's implication is that the Beaumont defendants failed to purchase the stock in Omnicorp as he directed however it should be noted that it appears that the Plaintiff wired funds directly to Omnicorp (Doc. 130-2) and these funds did not go through the Beaumont defendants. It should also be noted that this transaction occurred in 2001.

According to the Plaintiff Ms. Beaumont informed him in December 2003 that "due to pending liquidation of Omnicorp, Omnicorp's assets had been sold" and that Omnicorp "ceased to exist". (Doc. 157-3, p. 14).

Even according to Plaintiff's pleadings Omnicorp and OFG are not viable entities and litigation against them would be futile.  The Plaintiff has also failed to allege any fact that could have made the Directors of the defunct corporation liable.

The prosecution of any claim against the above defendants certainly appears dilatory, would cause undue delay and be an exercise in futility.

### Eugene Kock and TRAWECO S.P.R.L.;

The Plaintiff for the first time seek to join Eugene Kock and TRAWECO S.P.R.L. and contends that both named defendants can be served at 770 Anker Street, Pretoria, South Africa.

(Doc. 157-3, p. 3) The Plaintiff contends that "Ms. Beaumont conspired with Eugene Kock dba TRWECO S.P.R.L. to defraud plaintiff" (Doc. 157-3, p. 44) concerning the purchase of uncut diamonds.  The plaintiff states that the "Beaumonts misrepresented to plaintiff that Eugene Kock dba TRAWECO S.P.R.L. was the seller of the specific diamonds". (Id., p. 52).

The Plaintiff contends that the "Beaumonts stated that a South African diamond supplier, Eugene Kock was a business associate that performed services for the Beaumonts". (Id., p. 8) The Plaintiff does not state how Mr. Kock or TRWECO committed any fraud against him but makes a conclusory statement that the "Beaumonts conspired with Eugene Kock dba TRAWECO S.P.R.L. to defraud plaintiff of his money."  (Id., p. 44)  In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. Federal Rules of Civil Procedure Rule 9.

The complaint must allege "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir.2002) (citations omitted). In other words, the complaint must plead the "who, what, where, when, and how" of the alleged fraud. *United States ex rel. Joshi*, 441 F.3d at 556 (citations omitted). This higher degree of notice "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." Id. (citations omitted). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Schaller Tel. Co.*, 298 F.3d at 746 (quoting *Commercial Prop. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir.1995)). *Drobnak v. Andersen Corp.*  561 F.3d 778, 783 (C.A.8

(Minn.),2009)

The Plaintiff does allege that on or about "September 14, 2004, plaintiff sent two wires totaling $104,000 from his account at Bank of the West to Stantic Bank[1] Congo, Kinshasa, DRC, beneficiary TRAWECO S.P.R.L. as instructed by Ms. Beaumont as purchase money for the specific diamonds" (Id., p. 36) but that in "October 2004, the Beaumonts informed plaintiff that the specific diamond purchase was not consummated" and the Beaumonts never returned the plaintiff's money. (Id., p. 36).  The Plaintiff contends that the Beaumonts "failed to purchase the specific diamond" (Id., p. 37).

The Plaintiff was aware in September 2004 of the above fact as pertaining to  TRAWECO in his initial complaint. (Doc. 1, p. 9) but the Plaintiff has just been able to determine the name of Defendant Kock. The Plaintiff contends that Eugene Kock is a citizen of South Africa and can be served in Pretoria, South Africa. (Id., p. 3).

Because Rule 15(a) is to be construed liberally and because it appears that the Plaintiff did wire the funds to Defendant TRAWECO and because the Plaintiff has just been able to discover the identity of the President of TRAWECO the Plaintiff's Motion as it relates to TRAWECO and Eugene Kock should be GRANTED.

**Richard Brodzik, Individually; Richard Brodzik, President African Mining Corporation; and the African Mining Corp.**

The Plaintiff alleged in his Initial Complaint that the Beaumont Plaintiff sold him approximately $200,000 of AMC stock in 2002 (Doc. 1, p.6) and that in 2003 the Beaumonts

---

[1]An internet search does not return a Stantic Bank but there does exist a Stanbic Bank with an address of Avenue de la mongala No. 12, Kinshasa, Democratic Republic Congo.  Web address is www.stanbicbank.cg.

informed him that AMC was "no longer actively mining and that plaintiff's investment (was) not available." (Doc. 1, p. 7).

The Plaintiff then alleged that the Beaumonts "did not specifically purchase shares of AMC stock with plaintiff's purchase money". (Doc. 1, p. 13).  In the Plaintiff First Amended Complaint he states that the Beaumonts "willfully concealed the diversion of plaintiff's funds to transactions foreign to this investment". (Doc. 21, p. 7).  In his Second Amended Complaint the plaintiff does not state any act or representation that Richard Brodzik made to the plaintiff. The Plaintiff does set out the "African Mining Corporation" contract in his pleading between pages 25 and 28 but the only allegation made by the plaintiff concerning Brodzik is that the Beaumonts "stated they worked directly with AMC president, Richard Brodzik, regarding purchasing stock in AMC for plaintiff." (Doc. 157-3, p. 7).

The plaintiff specifically alleges that the Beaumonts "failed to purchase shares of stock (10% ownership) in AMC for plaintiff in plaintiff's name" and that the Beaumonts "failed to transfer plaintiff's $198,418 purchase money for the AMC stock to AMC". (Doc. 157-3, p. 27).

The Plaintiff's Second Amended Complaint does not put forth a cause of action against Richard Brodzik or African Mining Corporation.  The Plaintiff has also acknowledged that there is no known address for Richard Brodzik or the African Mining Corporation. (Doc. 157-3, p. 3-4).

The prosecution of any claim against the above defendants certainly appears dilatory, would cause undue delay and be an exercise in futility.

**Conclusion:**

For the reasons stated above it is the recommendation that the Plaintiff's Motion to Amend be GRANTED in Part and DENIED in Part as follows:

That the Motion to Amend the Complaint as to the proposed defendants Kimberly Beaumont, Individually; Kimberly Beaumont d/d/a Southwinds, Kimberly Beaumont, Director Tropic Waters LTD; Kimberly Beaumont, Director Garrison Society; Kimberly Beaumont, Director Fixit Limited, Kimberly Beaumont d/b/a Chandler Holdings; Kimberly Beaumont member Shiprock International be **GRANTED**;

That the Motion to Amend the Complaint as to the proposed defendants Tropic Waters, LTD; THE Garrison Society; Fixit Limited; Chandler Holdings and Shiprock (Sic) International, LLC, be **GRANTED**;

That the Motion to Amend the Complaint as to the proposed defendants Ronald V. Markham, Individually; Ronald V. Markham, President American Gold Mining Corp.; J. Edward Hastings, Individually; J. Edward Hastings, Director American Gold Mining Corp.; and American Gold Mining Corp. be **DENIED**;

That the Motion to Amend the Complaint as to the proposed defendants Nelson Bayford, Individually; Nelson Bayford, Director Omnicorp Bank, Inc.; Nelson Bayford, Director Omnicorp Financial Group; Daniel Frey, Individually; Daniel Frey, Director Omnicorp Bank Inc.; Daniel Frey, Director Omnicorp Financial Group; Omnicorp Bank, Inc. and Omnicorp Financial Group is **DENIED**;

That the Motion to Amend the Complaint as to the proposed defendants Eugene Kock, Individually; Eugene Kock, President Traweco Sprl and Traweco Sprl is **GRANTED**;

That the Motion to Amend the Complaint as to the proposed defendants Richard Brodzik, Individually; Richard Brodzik, President African Mining Corporation and the African Mining Corp. Is **DENIED**.

**The Movant shall have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 16th day of June 2010.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE