IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**MICHAEL DON GREENE**                                                **PLAINTIFF**

          **v.**          **Case No.: 08-2048**

**KIMBERLY BEAUMONT,Individually
and as Director Tropic Waters Ltd.;
Director, The Garrison Society;
Director, Fixit Limited, Member,
Shipwrock International; d/b/a
Southwinds; d/b/a Chandler Holdings;
KEVIN DAVID BEAUMONT, SOUTHWINDS,
TROPIC WATERS LTD, THE GARRISON
SOCIETY, FIXIT LIMITED, CHANDLER
HOLDINGS, SHIPWROCK INTERNATIONAL,
LLC**                                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court for decision following a one-day trial to the Court beginning at 9:00 a.m. on February 15, 2011. Plaintiff brought this action against Defendants for breach of contract, conversion and pursuant to the Arkansas Deceptive Trade Practices Act (Ark. Code Ann. § 4-88-101, *et seq*.). Plaintiff represented himself at trial and likewise, Separate Defendant Kimberly Beaumont represented herself at trial. The following will constitute the Court's findings of fact and conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure.

**Findings of Fact**

    During the trial, the following facts were established by the evidence:

1.  From November 2001, and continuing through September 14,

    2004, Plaintiff engaged in a series of transactions with Kimberly Beaumont through which he gave her, directly or indirectly through the various business entities named as defendants, approximately 2.2 million dollars with the agreement that she would purchase certain investments for Plaintiff.

2. Other than an account statement in 2002, Plaintiff never received anything else in return, to include money, stock certificates or any other documentation, or proof of how the money was invested. According to Plaintiff, he relied on alleged statements from Separate Defendant as to the nature of the investments.

3. Plaintiff testified that his first investment was in November 2001, in the amount of $270,000 for the purchase of a certificate of deposit with Omnicorp Bank in St. Vincent with a maturity date of December 2002. Plaintiff testified he asked for the certificate of deposit or other documents to prove Separate Defendant purchased the certificate of deposit but never received anything. Plaintiff testified that in December 2002, and continuing until early 2003, he asked Separate Defendant to surrender the certificate of deposit with principal and interest and that she failed to do so. Plaintiff contends he "essentially quit accepting investment offers from Ms. Beaumont" at this time.

4. According to Plaintiff, he was concerned about the safety of

    his investments as early as March 13, 2003, but that Separate Defendant kept him appeased by offering other stocks as security. Plaintiff testified that by August of 2002, he had invested 2.2 million dollars with Separate Defendant. Plaintiff began making constant demands for return of his principal or otherwise proof of the investments to include two in person visits in December 2004 and March 2005, but received nothing. In an email to Separate Defendant on April 6, 2003, Plaintiff writes: "I've not gotten any responses from you on the old and new stuff, either by phone or mail, not good." (Plaintiff Ex. 41). Plaintiff testified that as of September 2004, he was "not very interested at all in doing any more investments with Ms. Beaumont."

5. In a letter dated September 28, 2005, Plaintiff admitted he had not contacted Separate Defendant for at least seven months or since January 2005. (Def. Ex. 7). In a letter to Separate Defendant dated June 12, 2006, Plaintiff is still requesting information regarding his money. (Def. Ex. 6). In September 14, 2006, Plaintiff notes his continual request for information and the absence of response from Separate Defendant. (Plaintiff Ex. 11).

6. Plaintiff commenced this action on May 20, 2008.

**Conclusions of Law**

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Plaintiff filed his original complaint on May 20, 2008, against Kevin[1] and Kimberly Beaumont alleging claims for breach of contract and fraud. Plaintiff filed his first amended complaint on January 15, 2009, adding Thomas Scheer and Jarai & Scheer Corporation as defendants.[2] Plaintiff filed his second amended complaint on July 19, 2010, adding Southwinds, Tropic Waters, LTD; The Garrison Society, Fixit Limited, Chandler Holdings, Shipwrock International, LLC; Eugene Kock, Traweco SPRL as defendants and claims for conversion and claims pursuant to the Arkansas Deceptive Trade Practices Act.[3] Plaintiff abandoned his common law fraud claims.

3. On November 29, 2010, a clerk's entry of default was entered as to Shipwrock International. On December 23, 2010, a clerk's entry of default was entered as to Chandler Holdings, Fixit Limited, Southwinds, The Garrison Society, and Tropic Waters LTD. Plaintiff filed motions for default judgment (docs. 184, 194-98, 204-08) against these entities which the Court heard at trial.

4. The statute of limitations for Plaintiff's breach of contract

---

[1] On March 8, 2010, Kevin Beaumont filed a notice of bankruptcy (doc. 134). On March 15, 2010, the Court stayed the case as to Kevin Beaumont (doc. 138) due to the bankruptcy proceeding.

[2] Thomas Scheer and Jarai & Scheer Corporation were dismissed with prejudice on Plaintiff's Motion on June 10, 2010 (doc. 165). On March 15, 2010, the Court stayed the case as to Kevin Beaumont (doc. 138).

[3] Eugene Kock and Traweco S.P.R.L. were dismissed on Plaintiff's motion without prejudice on January 4, 2011 (doc. 209).

-4-

and conversion claims is three (3) years. Ark. Code Ann. §§ 16-56-105.

5. The statute of limitations begins to run when the cause of action accrues. For a breach of contract action, the cause of action accrues and the statute begins to run "when the plaintiff could have first maintained the action to a successful conclusion." *Dupree v. Twin City Bank*, 777 S.W.2d 856, 858 (Ark. 1989).

6. According to Plaintiff, he essentially stopped accepting investment offers in December, 2002; however, he also wired her $104,000 in September 2004 to purchase diamonds. Therefore, the statute of limitations ran on Plaintiff's breach of contract and conversion claims either before or not later than September 2007. Plaintiff filed suit on May 20, 2008.

7. Fraud suspends the running of the statute, and the suspension remains in effect until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence. *Shelton v. Fiser*, 8 S.W.3d 557 (Ark. 2000). No mere ignorance on the part of the plaintiff of his rights, nor the mere silence of one who is under no obligation to speak, will prevent the statute bar. *Williams v. Estate of Purdy*, 265 S.W.2d 534 (Ark. 1954). There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the

plaintiff's cause of action concealed or perpetrated in a way that it conceals itself. *Martin v. Arthur*, 3 S.W.3d 684 (Ark. 1999). And if the plaintiff, by reasonable diligence, might have detected the fraud he is presumed to have had reasonable knowledge of it. *Chalmers v. Toyota Motor Sales, USA, Inc.*, 935 S.W.2d 258, 261-62 (Ark. 1996).

8. Plaintiff demanded payment on his first investment in December 2002, and according to him continually thereafter asked for the return of his money. Yet nearly four years later, in September 2006, Plaintiff contends he was still demanding payment and/or proof of his investments but was somehow appeased by oral and written representations from Separate Defendant that there was nothing to worry about.

9. Plaintiff knew or through reasonable diligence should have discovered the alleged breaches and conversion. *Wilson v. Gen'l Elec. Capital Auto Lease, Inc.*, 841 S.W.2d 619, 621 (Ark. 1992). Accordingly, the Court finds that Plaintiff's claims for breach of contract and conversion are barred by the statute of limitations which ran either before or at the latest in September 2007.

10. Plaintiff also asserted claims under the Arkansas Deceptive Trade Practices Act. Causes of action brought under the ADTPA by private parties are limited because "the responsibility for civil enforcement of the ADTPA rests largely with the Attorney General. *Wallis v. Ford Motor Co.*,

AO72A
(Rev. 8/82)

> 208 S.W.3d 153, 161 (Ark. 2005)(citing Ark. Code Ann. § 4-88-113(a)-(e)(2010)). The statute of limitations is five years. Plaintiff did not identify which section of the ADTPA was violated. According to Plaintiff he stopped accepting investment offers from Plaintiff in December 2002, and, therefore, most if not all of his claims were barred by the statute of limitations in December 2007. To the extent any claims exist that are not barred by the statute of limitations, the Court finds Plaintiff was not a "consumer" entitled to protection under this statute, and further, cannot state a claim as he could not have reasonably relied on any alleged misrepresentations by Plaintiff that would not be barred by the statute of limitations.

11. It is apparent to the Court, after reviewing all of the evidence and considering both Plaintiff's and Defendant's testimony at trial, that both parties were engaged in risky and ill-advised investments involving an enormous amount of cash, risk and potential to lose one's investment. Such risk should have been apparent to even the most unsophisticated investor from the very beginning and quite certainly to someone with Plaintiff's intelligence and business sense.

12. As set forth herein, the Court finds that Plaintiff failed to establish liability as his claims are barred by the applicable statutes of limitations or fail because Plaintiff cannot establish he reasonably relied on any

-7-

misrepresentations. Accordingly, Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE, and Plaintiff's motions for default judgment (docs. 184, 194-98, 202, 204-08) are DENIED.  The Court finds Plaintiff's claims should also be DISMISSED WITH PREJUDICE against Separate Defendant Kevin Beaumont in the interest of judicial economy despite the bankruptcy stay.  As set forth above, Plaintiff's claims would similarly be barred or otherwise fail against Kevin Beaumont.

13. Plaintiff's Motion in Limine to Prohibit Testimony and Introduction of Exhibits (doc. 219) and Plaintiff's Motion for Permission to Introduce Interrogatories and Admissions as Evidence in Chief (doc. 220) were DENIED during trial.

## **Order**

Based upon the foregoing, the Court concludes that Plaintiff's claims are barred by the applicable statutes of limitations. Accordingly, Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE.  The parties are to bear their respective fees and costs.

IT IS SO ORDERED this 21st day of March, 2011.

/s/ Robert T. Dawson  
Honorable Robert T. Dawson  
United States District Judge

AO72A
(Rev. 8/82)